UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIGGROSS, INC., a Florida
corporation,

      Plaintiff,

      v.                                      CASE NO. 8:02-CV-1216-MAP

JAMES MATTHEWS, individually,

      Defendant.
_____/

**ORDER**

Biggross, Inc., an automobile dealership advertising company, sued James Matthews for copyright infringement of its "Drive 95" advertisement. After a two day trial, the jury awarded Biggross $25,000 for copyright infringement. Now, Biggross moves this Court for an award of attorney's fees in the amount of $61,324.00. Matthews has not responded to Biggross's motion.

The prevailing party in a copyright case is entitled to recover a reasonable attorney's fee. 17 U.S.C. § 505. A prevailing party in a copyright case is "the party succeeding on a significant litigated issue that achieves some of the benefits sought by the party in initiating the suit." *Cable/Home Commc'n Corp. v. Network Prods. Inc.*, 902 F.2d 829, 853 (11th Cir. 1990). Biggross is a prevailing party in this action.

The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. The fee applicant is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable. *Duckworth* v. Whisenant, 97 F.3d

1393, 1396 (11th Cir. 1996); *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988).  In its fee petition, Biggross provides a detailed summary of activities and amounts billed (doc. 155).  However, despite the Eleventh Circuit's requirement that a fee opponent should be reasonably precise in his objections, Matthews fails to reply to Biggross's motion.  *Id.*, 836 F.2d at 1301; *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (a fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal.)  Because Matthews has not raised any objections to Biggross's fee request, it is hereby

    ORDERED:

    1.    Plaintiff's Motion for Attorney's Fees (doc. 155) is GRANTED.

    2.    James Matthews is directed to pay Biggross, Inc. attorney's fees in the amount of $61,324.00.

    IT IS SO ORDERED at Tampa, Florida on October 16, 2006.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record
       James Matthews, pro se