UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIGGROSS, INC.,
a Florida corporation,

       Plaintiff,

       v.                                    CASE NO. 8:02-CV-1216-T-MAP

JAMES MATTHEWS,

       Defendant.
_____/

**<u>ORDER</u>**

At this juncture the Defendant has finally complied with Plaintiff's discovery in aid of execution of judgment. However, because the Defendant failed to comply with my February 14, 2007 order requiring him to complete a fact information sheet describing his assets and otherwise acted in bad faith by failing to cooperate with Plaintiff's efforts to collect its $25,000 judgment, I find that an award of sanctions is appropriate.[1] *See generally Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (court has inherent power to impose civil contempt sanctions and may fashion appropriate sanctions including awarding attorney's fees).

During the telephonic hearing I conducted this morning, counsel for Plaintiff stated he incurred attorney fees in the amount of $1,615.50 preparing and filing the First Motion to Compel

---

[1] In cases where the parties have consented to a magistrate judge's jurisdiction, such as this one, a magistrate judge may exercise civil or criminal contempt authority to enforce orders. *See* 28 U.S.C. § 636(e)(3) (stating that in consent cases, "the magistrate judge shall have the power to punish, by fine or imprisonment, or both, criminal contempt constituting disobedience or resistance to the magistrate judge's lawful writ, process, order, rule, decree, or command") and § 636(e)(4) (providing that in consent cases, a magistrate judge may exercise civil contempt authority identical to the authority of a district judge).

Judgment Debtor James Matthews to Complete Fact Information Sheet (doc. 164), preparing and filing the Motion to Hold Defendant James Matthews in Contempt for Willful Failure to Comply with the Court's 2/14/07 Order and Refusal to Sit for Deposition in Aid of Execution (doc. 165), and preparing and filing the response to the order to show cause (doc. 167).  Counsel for Plaintiff also incurred an $85.00 fee for preparation of the certificate of non-appearance from the court reporter who attended the May 23, 2007, deposition that Defendant failed to attend.  Accordingly, in order to compensate the Plaintiff for the actual losses it sustained as a result of the Defendant's contumacy,[2] it is hereby

ORDERED:

1.  Plaintiff's motion to hold Defendant James Matthews in contempt (doc. 165) is GRANTED to the extent that Defendant is directed to pay Plaintiff $1,615.50 in attorney's fees and $85.00 in court reporter's fees for a total of $1,700.50.

DONE AND ORDERED at Tampa, Florida on September 27, 2007.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record
      James Matthews, pro se

---

[2]  *See In re Chase & Sanborn Corp. v. Nordberg*, 872 F.2d 397 (11th Cir. 1989) (civil contempt sanctions may be imposed for distinct purpose to compensate complainant for actual losses sustained as a result of defendant's contumacy).